**Commonwealth v. Gill**

*Frederick D. Lingle*, for Commonwealth.
*Merritt E. McKnight*, for defendant.

BROWN, *P.J.*, February 9, 1981—Defendant was originally charged with numerous counts of corrupting children and indecent assault involving [A] and [B]. At the time of trial the two sisters were six and seven years of age respectively. Following an examination to determine the competency of the children as prospective witnesses, the court ruled that the younger child, [A], was not competent to testify but that the elder child, [B], was competent. Accordingly, all the charges involving [A] were abandoned because of the Commonwealth's inability to establish a corpus delecti for the purpose of admitting a statement made by defendant with regard to the charges. The jury thus heard the matter as it related only to [B] and at the conclusion of the trial returned verdicts of guilty to an incident of corrupting children and indecent assault occurring in December of 1979 and also an incident of corrupting children and indecent assault occurring in February, 1980. Post verdict motions have been filed and are now ready for disposition.

The first matter pursued by defendant in his brief relates to the court's ruling that [B] was competent to testify as a witness. As required by applicable law, the court at the time of trial inquired into three areas of [B]'s testimonial capacity: (1) Her capacity to observe the acts about which she was to testify; (2) Her capacity to recollect what was observed and her capacity to communicate what was observed; and (3) Her capacity to appreciate the moral responsibility to be truthful: Com. v. Mangello, 250 Pa. Superior Ct. 202, 378 A. 2d 897, 898 (1977).

Defendant has questioned whether any of the

aforesaid three elements were satisfied so as to permit the child to testify. Numerous shortcomings in her testimony have been recited to suggest that she did not have the capacity to observe what may have happened to her and that she lacked any capacity to recall and communicate what happened to her. However, these shortcomings in her testimony are offset by other specific recollections she had and specific instances where she was able to demonstrate an ability to observe as well as to recall and communicate her observations. The court is satisfied to stand by its original ruling with regard to the first two elements supporting her capacity to testify as a witness.

With regard to the third element, defendant has argued that [B] was incapable of comprehending her obligation to tell the truth. His argument in this regard is based upon the fact that while she expressed a belief in God and in Jesus Christ, she did not understand that if she failed to tell the truth that she would be punished by God and instead felt that her only punishment would be going to jail.

While it is true that certain appellate decisions discuss a child's consciousness of a duty to speak the truth in terms of evaluating the child's concept of Divine punishment, the court does not construe the applicable law on the subject to preclude a child's testimony because of a lack of understanding of religious conviction on this subject.

In the court's judgment it would appear that the recent trend in case law has for a more liberal attitude towards a finding of competency with the resulting effect of allowing the jury the opportunity to determine if the child's testimony is competent. It has been stated that every determination of competency must be individual and that the facts presented in other cases dealing with competency of a

witness cannot be controlling in a subsequent case: Com. v. Payton, 258 Pa. Superior Ct. 140, 392 A. 2d 723, 725 (1978). Thus, it was the court's judgment and continues to be that based upon [B]'s demeanor, her alertness, thoughtfulness and sincerity that she was competent to testify. Obviously, if her responses were measured by adult standards there would have to be serious questions regarding her competency. But keeping in mind that she was seven years of age at the time of trial and was testifying to matters that had occurred within the preceding 12 months, the court believes that she was reasonably competent to testify and it was the function of the jury to evaluate her testimony to determine whether it was worthy of belief. Accordingly, defendant's request for relief based upon [B]'s alleged incompetency to testify will be denied.

The other issue raised by defendant in his brief relates to the court's allegedly improperly denying him the right to get into specific charges against [B]'s parents which also involved her corruption as a child. Specifically, the parents were charged with numerous counts of indecent assault (unrelated to the present incidents) which involved acts of oral sexual intercourse with the children; at the time of defendant's trial the parents had pled guilty to numerous counts of indecent assault arising out of the incidents. The court permitted defendant to produce evidence of these charges and the guilty pleas entered by the parents for the purpose of allowing defendant to explore the possibility that [B] may well have been confused about defendant's committing sexual acts involving her. However, as the court understands defendant's objection it is alleged that the court was in error in not allowing defendant to go further and to get in the specific acts of alleged oral intercourse involving the chil-

dren and the parents. It is contended that this prevented defendant from establishing that his actions did not in fact corrupt or tend to corrupt the morals of [B] since she had been exposed to prior similar acts by her parents.

This argument would relate primarily to the corrupting charge and the court disagrees with defendant's conclusion which seems to rest on the premise that if the parents had exposed the children to sexual acts which tended to corrupt that it would no longer be possible for defendant's acts to tend to corrupt the children. His point seems to be that [B] had already been corrupted by the parents and could not be corrupted by him. While this is an interesting argument, the court does not believe it is a proper interpretation of the statute prohibiting corrupting the morals of a child. Instead, the statute requires an evaluation of defendant's conduct with a more objective standard in mind, that being the community's sense of decency, propriety and morality as it relates to children in the victim's situation considering her age and circumstances. Accordingly, assuming that the parents' acts towards the children were also corrupting influences, the subsequent corrupting influences of defendant are still prohibited by the law and are still subject to criminal punishment. The court allowed defendant the opportunity to present the convictions of the parents for the credibility purposes as previously discussed. To go any further into the specific acts of the parents would not have been relevant in exonerating defendant of the charges.

## ORDER

And now, February 9, 1981 based upon the

foregoing memorandum, it is hereby ordered that defendant's post verdict motions be dismissed and the requested relief be denied and that a pre-sentence investigation report regarding defendant be prepared by Clinton County Adult Probation Services.